**COFFEY MODICA O'MEARA CAPOWSKI, LLP**
Nicholas M. Donzuso, Esquire
Attorney I.D. # 020932010
1814 E. Route 70, Suite 310
Cherry Hill, NJ 08003
(856) 889-2170
ndonzuso@cmocllp.com
*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JEREMY AND EUNIQUE GRISBY, | NO.: 2:23-CV-613-KSH-MAH |
| Plaintiffs, | JURY TRIAL DEMANDED |
| vs. | **ANSWER, AFFIRMATIVE DEFENSES,** |
| RUSLAN NEDBALSKYI; ONIXE EXPRESS, INC.; JOHN DOE 1-10; ABC CORPORATION 1-10, | **CROSS-CLAIMS, JURY DEMAND, AND DESIGNATION OF TRIAL COUNSEL** |
| Defendants. |  |

Defendants, Ruslan Nedbalskyi (hereinafter, "**Nedbalskyi**") and Onixe Express, Inc. (hereinafter, "**Onixe**" and collectively with Nedbalskyi as "**Answering Defendants**") by way of Answer to Plaintiffs' Complaint, avers as follows:

**FIRST COUNT**

1.      Admitted in part, denied in part. It is admitted that Plaintiff, Jeremy Grisby, is the Plaintiff in the above-captioned matter. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. Answering Defendants demand strict proof thereof, if material, at the time of trial.

2.      Denied. The allegations contained in this paragraph are denied as conclusions of law to which no further response is required. Answering Defendants demand strict proof thereof, if material, at the time of trial.

1

3.      Denied. The allegations contained in this paragraph are denied as conclusions of law to which no further response is required. Answering Defendants demand strict proof thereof, if material, at the time of trial.

4.      Denied. The allegations contained in this paragraph are denied as conclusions of law to which no further response is required. Answering Defendants demand strict proof thereof, if material, at the time of trial.

**WHEREFORE**, Answering Defendants request that Plaintiffs' Complaint be dismissed with prejudice, that judgment be entered in favor of Answering Defendants and against Plaintiff and that Answering Defendants be awarded costs, interest and attorney's fees as provided by law.

<u>**SECOND COUNT**</u>

1.      Answering Defendants repeat and re-allege the above responses as if they are set forth again, fully, at length.

2.      Denied. The allegations contained in this paragraph are not directed to Answering Defendants. Therefore, no response to same is required. To the extent a response is required, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. Answering Defendants demand strict proof thereof, if material, at the time of trial.

3.      Denied. The allegations contained in this paragraph are denied as conclusions of law to which no further response is required. Answering Defendants demand strict proof thereof, if material, at the time of trial.

4.      Denied. The allegations contained in this paragraph are denied as conclusions of law to which no further response is required. Answering Defendants demand strict proof thereof, if material, at the time of trial.

5.      Denied. The allegations contained in this paragraph are denied as conclusions of law to which no further response is required. Answering Defendants demand strict proof thereof, if material, at the time of trial.

6.      Denied. The allegations contained in this paragraph are denied as conclusions of law to which no further response is required. Answering Defendants demand strict proof thereof, if material, at the time of trial.

7.      Denied. The allegations contained in this paragraph are denied as conclusions of law to which no further response is required. Answering Defendants demand strict proof thereof, if material, at the time of trial.

8.      Denied. The allegations contained in this paragraph are denied as conclusions of law to which no further response is required. Answering Defendants demand strict proof thereof, if material, at the time of trial.

**WHEREFORE**, Answering Defendants request that Plaintiffs' Complaint be dismissed with prejudice, that judgment be entered in favor of Answering Defendant and against Plaintiff and that Answering Defendants be awarded costs, interest and attorney's fees as provided by law.

## **AFFIRMATIVE DEFENSES**

1.      The Complaint fails to state a claim upon which relief can be granted as against Answering Defendants.

2.      The claim is barred by the applicable statute of limitations.

3.      Plaintiff's claim is limited by the doctrine of avoidable consequences.

4.      Answering Defendants did not violate any legal duty owed by them to the Plaintiff.

5.       The claim is barred by the Doctrine of Collateral Estoppel.

6.       Plaintiffs' cause of action is barred or otherwise limited by virtue of the Doctrine of Laches.

7.      Plaintiffs have failed to state a claim upon which the relief of damages for pain and suffering, emotional distress, embarrassment, humiliation, illness, and emotional injury can be granted.

8.      The Plaintiffs' Complaint is barred by the defense of equitable estoppel.

9.      Plaintiffs were guilty of contributory negligence.

10.     The injuries and/or losses of decedent alleged by Plaintiffs, said injuries or losses being denied, were entirely or substantially caused by the Plaintiffs' own negligence and/or the negligence of third parties, and/or the negligence of other parties or persons for whom Answering Defendants have no responsibility.

11.     Plaintiffs are guilty of contributory negligence and, therefore, any recovery must be reduced by the percentage share of Plaintiffs' negligence.

12.     Plaintiffs' exclusive remedy, if any, is provided by the New Jersey Workers' Compensation Act.

13.     Plaintiffs' damages, if any, were caused in whole or in part by Plaintiff's own actions or omissions, such that recovery, if any, must be reduced accordingly.

14.     The actions of Answering Defendants were at all times appropriate and proper and within the requisite standard of care.

15.     This action is barred or recovery is reduced in that the Plaintiffs voluntarily assumed a known and appreciated risk.

16.     The Plaintiffs' injuries, if any, were caused by superseding and intervening agencies over which the Answering Defendants have no control and which were not foreseeable to the Answering Defendants.

17.     Pursuant to *R*. 4:7-5, Answering Defendants reserve the right to seek a credit reducing the amount of Plaintiffs' judgment, if any, to reflect the degree of fault allocated by the

4

jury to any co-defendant, regardless of settlement by any co-defendants. Answering Defendants assert that the liability of any settling co-defendants shall be an issue at the time of trial.

18.    Although Answering Defendants deny any negligence in this matter, if Answering Defendants are found to have been negligent such negligence was passive, imputed, and constructive, and the  Answering Defendants' cross-claims for indemnification from the Defendants whose negligence was and is primary, actual and direct.

19.    Plaintiffs have failed to state a claim upon which relief of compensatory damages may be granted.

20.    Plaintiffs' claims are barred in whole or in part by their failure to mitigate damages.

21.    Plaintiffs' claims are barred under the doctrine of election of remedies.

22.    Plaintiffs' complaint is barred due to fraud.

23.    Plaintiffs' complaint is barred by the doctrine of *res judicata*.

24.    Plaintiffs' complaint is barred by the statute frauds.

25.    Plaintiffs' complaint is barred by the doctrine of waiver.

26.    Plaintiffs' claim is barred due to the entire controversy doctrine.

27.    Plaintiffs' claim is barred against public policy in this state.

28.    The Plaintiffs' claim is barred under the doctrine of unclean hands.

29.    Plaintiffs' Complaint is barred due to the Court's lack of jurisdiction over the subject matter.

30.    Plaintiffs' Complaint is barred due to the Court's lack of jurisdiction over the person.

31.     Plaintiffs' Complaint is barred by improper venue.

32.     Plaintiffs' Complaint is barred due to insufficiency of service of process.

33.     The complained of occurrence was caused by third parties over whom Answering Defendants had no control.

34.     The damages alleged were the result of unforeseeable intervening or superseding acts of others independent of Answering Defendants, which bars Plaintiffs' cause of action.

35.     Plaintiffs' alleged injuries were caused as a result of an act of god which bars Plaintiffs' cause of action.

36.     The Plaintiffs did not suffer any damages as a result of any of Answering Defendants' actions and/or inactions, or alternatively, suffered *de minis* or nominal damages.

37.     No duty was owed to Plaintiffs under common law, statute, regulation or standards.

38.     Answering Defendants are guilty of no act of omission or commission as alleged by the Plaintiffs.

39.     The conduct of Answering Defendants was not negligent and/or careless.

40.     At the time and place set forth in Plaintiffs' Complaint, Plaintiff and potentially others were negligent, and Answering Defendants seeks an adjudication of the percentage of fault between plaintiffs and each and every other person or entity whose fault contributed to the alleged accident.

41.     The incident was caused by the acts of third parties over whom Answering Defendants had no control or the right to exercise such control.

42.     The conduct of Answering Defendant was not the proximate cause of Plaintiffs' alleged injuries and damages.

43.     The alleged accident and damages of Plaintiff were due to circumstances and causes beyond the control or fault of Answering Defendants.

44.     Some or all of Plaintiffs' alleged damages were or may have been pre-existing

in nature.

45.    Plaintiffs' injuries and/or damages, if any, were caused by Plaintiffs' own failure to act reasonably under the circumstances.

46.    At no time material hereto did Answering Defendants have any knowledge, actual or constructive, of any defective, hazardous or dangerous condition existing.

47.    At no time material hereto did Answering Defendants cause any defective hazardous or dangerous condition to exist.

48.    At no time material hereto did Answering Defendants permit to be or remain a defective, hazardous, or unsafe condition causing an unreasonable risk of harm.

49.    At all times material hereto, any defective, hazardous or dangerous condition existing in, on or about the premises, the existence of which is specifically denied, was open and obvious.

50.    At all times material hereto, any defective, hazardous or dangerous condition existing in, on or about the premises, the existence of which is specifically denied, was such that a reasonably prudent person exercising due care and/or paying attention would have avoided.

51.    At all times material hereto, Answering Defendants, by and through its agents, servants or employees, acted reasonably under the circumstances.

52.    The incident more particularly described in Plaintiffs' complaint was not the foreseeable result of any act or omission on the part of Answering Defendants.

53.    At all times material hereto, Answering Defendants maintained proper and reasonable policies and procedures.

54.    At all times material hereto, Answering Defendants reasonably and properly trained their employees.

55.    If Answering Defendants are found to be liable, either jointly or severally, for

the acts alleged in the complaint, such liability is limited to 20% or less, thereby limiting Answering Defendants to responsibility only for the percentage of the award directly attributable to Answering Defendants' negligence. N.J.S.A. 2A:15-5.2.

56.     If Answering Defendants are found to be liable, either jointly or severally, for the acts alleged in the complaint, and such liability is more than 20% but less than 60%, Answering Defendants are responsible for the total amount of any economic loss but only that percentage of the economic loss directly attributable to Answering Defendants' negligence. N.J.S.A. 2A:15-2.

57.     Since Plaintiff received or is entitled to receive benefits for the injuries allegedly incurred from sources other than a joint tortfeasor, the amount of these benefits [other than worker's compensation benefits or proceeds from a life insurance policy] which duplicate any benefit contained in the award shall be deducted from any award recovered by the plaintiff, less any premium paid.  N.J.S.A. 2A:15-97.

58.     Any injuries which may have been sustained as alleged in the Complaint, were brought about, or were made more serious, by the failure of the Plaintiffs to use an available seat belt or available passenger restraint device.

59.     The liability, if any, of Answering Defendants shall be limited in accordance with N.J.S.A. 2A:15-5.3

60.     Answering Defendants reserve the right to interpose additional affirmative or other defenses as continuing investigation and discovery may warrant.

61.     Answering Defendants include all separate defenses applicable to Plaintiffs which have been raised by any other co-defendants in the within matter as if fully set forth herein and makes the same, to such extent that it does not imply liability on the part of Answering Defendants, jointly and severally, Answering Defendants' defenses.

8

62.    Answering Defendants reserve the right to assert additional affirmative defenses as investigation of this matter continues.

## ADOPTION OF SEPARATE DEFENSES

Answering Defendants incorporates herein all defenses asserted by any co-defendants now or hereinafter filed.

## CLAIM FOR CONTRIBUTION OR SETTLEMENT CREDIT

While denying any liability to Plaintiffs on the Complaint, based upon information and belief, asserting that there is no basis for liability as to the other defendants, Answering Defendants nevertheless asserts a claim for contribution from co-defendants pursuant to N.J.S.A. 2A:15-5.3 and N.J.S.A. 2A:53A; in the alternative, these answering defendants contend that in the event that proofs develop in discovery or at trial to establish a basis for liability on the part of any other defendant, and such defendant or defendants enter into a settlement agreement, in whole or in part with Plaintiffs, then Answering Defendants assert a claim for credit reducing the amount of any judgment in favor of Plaintiffs against Answering Defendants to reflect the degree of fault to the settling defendant or defendants pursuant to *Young v. Latta*, 123 N.J. 584 (1991).

## CROSSCLAIM FOR CONTRIBUTION

Answering Defendants hereby crossclaim against all other Defendants for contribution pursuant to the Joint Tortfeasors Act and the Comparative Negligence Act.

## CROSSCLAIM FOR INDEMNITY

Answering Defendants hereby crossclaim against all other Defendants for both contractual and common law indemnity. Answering Defendants assert that it is entitled to be indemnified and saved harmless from all loss or liability, including attorneys' fees and costs arising from the instant litigation, by each and every co-defendant, pursuant to express and implied contractual agreements.

While denying all liability to Plaintiff, if the Answering Defendants are found to be liable, its liability, if any, is secondary, vicarious, and purely technical, while the sole and primary liability rests with each and every co-defendant and, accordingly, the Answering Defendants are entitled to common law indemnity from each and every co-defendant.

## ANSWER TO ALL CROSS-CLAIMS AND/OR COUNTERCLAIMS

Answering Defendants by way of Answer to any and all Cross Claims and/or Counterclaims filed says: Answering Defendants deny any and all allegations contained in any Cross Claims and/or Counterclaims filed or to be filed in this matter.

Answering Defendants deny that co-defendants are entitled to contribution and/or indemnification and holds defendant-counterclaimants to their proofs.

## DESIGNATION FOR TRIAL COUNSEL

Please take notice that Nicholas M. Donzuso, Esquire, is hereby designated as trial counsel for Answering Defendants in the within action.

## CERTIFICATION PURSUANT TO R. 4:5-1 (R. 6:3-1)

I certify that this matter in controversy is not the subject of any other action pending in any other court or of a pending arbitration proceeding to the best of my knowledge and belief. Also, to the best of my knowledge and belief, no other action or arbitration proceeding is contemplated. Further, other than the parties set forth herein, I know of no other parties that should be made a part of this lawsuit. In addition, I recognize my continuing obligation to file and serve on all parties and the court an amended certification if there is a change in the facts stated in this original certification. I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment for contempt.

## DEMAND FOR STATEMENT OF DAMAGES

Pursuant to the provisions of Rule 4:5-2, it is requested that within five days of service hereof, you furnish a written statement specifying the amount of damages claimed by the Plaintiffs in the above entitled action.

## CLAIM FOR ATTORNEYS' FEES

This action brought by the Plaintiff is without basis in law or in fact, and is frivolous. Answering Defendants are therefore entitled to an award of all reasonable litigation costs and attorneys' fees pursuant to N.J.S.A. 2A:15-59.1.

## DEMAND FOR JURY TRIAL

Answering Defendant demands a trial by jury as to all issues so triable.

## *R.* 1:38-7 CERTIFICATION

I certify that confidential personal identifiers have been redacted from documents now submitted to the court and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7.

## CERTIFICATION OF NO OTHER PENDING ACTION OR ARBITRATION

Pursuant to R. 4:5-1, I hereby certify that the matter in controversy is not the subject of any other pending or contemplated action or arbitration proceeding. This party is not aware of any other parties who should be joined in this action at this time.

COFFEY MODICA O'MEARA CAPOWSKI LLP

/s/ Nicholas M. Donzuso
NICHOLAS M. DONZUSO, ESQUIRE
Attorney for Defendants

Dated: February 6, 2023

11